UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jesse Clay Trowell, Jr.**,<br> *aka Jesse Clay Trowell* )<br> )<br> Petitioner, )<br> )<br> vs. )<br> )<br> South Carolina Aiken County Court of General )<br> Sessions, )<br> )<br> Respondent. )<br> ) | **C/A No. 8:07-3832-HMH-BHH**<br><br><br>Report and Recommendation |

_____

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a person who is currently serving a probationary period resulting from several tax-related state misdemeanor convictions entered in Aiken County on August 17, 2006.[1] This case was transferred in to this Court from the United States District Court for the Southern District of Georgia, where it was originally filed.

Petitioner raises six grounds for vacation of his convictions, several of which challenge the jurisdiction of the trial court. He also raises certain ineffective assistance of counsel points and a double jeopardy challenge. In his Answers to the Court's Special Interrogatories and in the Petition, Petitioner indicates that his direct appeal from these convictions has been pending in the South Carolina Court of Appeals since September 12, 2006. He also acknowledges that he has not filed any type of post-conviction relief (PCR) application with the Court of Common Pleas in Aiken County.

_____

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal because Petitioner has not exhausted his state remedies.

With respect to his Aiken County tax-related convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after Petitioner has exhausted his state court

2

remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing Braden). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

§ 2254(b), (c).  This doctrine requires that before a federal court will review any allegations raised by a person with a state conviction, those allegations must first be presented to the state's highest court for consideration.  *See Picard v. Connor*, 404 U.S. at 276.

As noted above, Petitioner's direct appeal is still pending before the South Carolina Court of Appeals.  It has not reached a final decision and, thus, the state's highest court has not been allowed to act on his claims.  Furthermore, since the direct appeal has not concluded, Petitioner has not yet filed any PCR case in Aiken County Court of Common Pleas either.  Although the direct appeal has been pending for approximately fourteen months according to Petitioner, this is not such a delay as should be termed "inordinate."[2] A PCR action must be pursued to its conclusion after any unsuccessful direct appeal concludes before Petitioner may be said that his claims have been considered and addressed by courts of the State of South Carolina as required under the exhaustion doctrine.

In fact, if, after the conclusion of the direct appeal, Petitioner files a PCR case in the Court of Common Pleas for Aiken County and the court then denies PCR or dismisses Petitioner's application, Petitioner *must* seek appellate review of that disposition by the Supreme Court of South Carolina or the Court of Appeals as provided under SCACR 227or else federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default.  *See Whitley v. Bair*, 802 F.2d 1487, 1500

---

[2] State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings.  But the decided cases generally require a more lengthy delay than that of which Petitioner complains.  *See, e.g.*, *Mathis v. Hood*, 851 F.2d 612 (2d Cir. 1988) (six-year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir. 1987) (five-and- one-half-year delay); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986) (thirty-three-month delay).  *See generally Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

n. 27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at S. C. Code Ann. § 17-27-10 *et seq*. is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d at 1170-73. Since Petitioner still has two viable state court remedies which have not been fully utilized – the direct appeal and the PCR case -- this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993)( "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal

5

district courts have duty to screen habeas corpus petitions and eliminate burden placed on

respondents caused by ordering an unnecessary answer or return).

      Petitioner's attention is directed to the important notice on the next page.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

January 3, 2008
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).